UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAIRO VALENTIN RIVAS SERRANO, | Case No.  1:26-cv-0793-DJC-JDP (P) |
| Petitioner, | |
| v. | ORDER |
| CHRISTOPHER CHESTNUT, *et al.*, | |
| Respondents. | |

Minerva Lizbeth Camacho filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 on behalf of her husband, Hairo Valentin Rivas Serrano.  ECF No. 1.  Under Rule 4 of the Rules Governing Section 2254 Cases, I must examine the petition and order a response unless it "plainly appears" that petitioner is not entitled to relief.  I find that the petition was improperly filed, and thus that petitioner is not currently entitled to relief.

A habeas petition must be filed by the petitioner themselves, by an attorney, or by a "next friend."  *See* 28 U.S.C. § 2242 ("Application for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf.").  Here, petitioner's wife filed the petition, and she has not satisfied the standing requirements to be considered a "next friend."  "In order to establish next-friend standing, the putative next friend must show: (1) that the petitioner is unable to litigate his own cause due to mental incapacity, lack of access to court, or other similar disability; and (2) the next friend has some significant

1

relationship with, and is truly dedicated to the best interests of, the petitioner." *Coal. of Clergy, Laws., and Professors v. Bush*, 310 F.3d 1153, 1159-60 (9th Cir. 2002).  Additionally, an individual filing a habeas petition as a next friend of an individual in custody cannot appear without counsel.  Individuals appearing pro se are only permitted to represent themselves, not others.  *See Cheema v. Warden*, No. 1:26-cv-00203-DC-DMC, 2026 WL 124841, at *2 (E.D. Cal. Jan. 16, 2026) (citing *Johns v. Cnty. of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997) and *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008)).

Accordingly, I will dismiss the petition with leave to amend to allow petitioner the opportunity to properly file a petition.  Should petitioner amend the petition, he may (1) file the petition pro se (on his own behalf); (2) have an attorney file the petition on his behalf; or (3) have a next friend file on his behalf with counsel.  Petitioner must also file either an application to proceed *in forma pauperis* or pay the filing fee.

Accordingly, it is hereby ORDERED that:

1. The petition for writ of habeas corpus, ECF No. 1, is DISMISSED without prejudice to refiling.

2. Within thirty days from service of this order, petitioner shall file an amended petition and either an application to proceed *in forma pauperis* or pay the filing fee.

3. The Clerk of Court shall send petitioner a habeas petition form and an application to proceed *in forma pauperis* with this order.

IT IS SO ORDERED.

Dated:    February 5, 2026                    _____

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

2